UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TREY U. WALDRON,

                Plaintiff,

v.                                     Case No. 3:23-cv-428-MMH-MCR

COLUMBIA COUNTY JAIL,
et al.,

                Defendants.

_____

## **ORDER**

Plaintiff, Trey Waldron, a sentenced State prisoner confined at the Columbia County Jail (CCJ), initiated this action on April 13, 2023, by filing a *pro se* complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1; Compl.). He is proceeding as a pauper. *See* Order (Doc. 4).

In his complaint, Plaintiff alleges a CCJ medical provider, Nurse McCullan, was "unqualified" and misdiagnosed his sexually transmitted disease as herpes (rather than syphilis), thus prescribing the wrong medication, which made him sick and cost him money. *See* Compl. at 4-5. Plaintiff acknowledges a urologist eventually correctly diagnosed him and prescribed appropriate medication. *Id.* It appears the correct diagnosis was made within a month, but the precise timeline is unclear. *See id.* Plaintiff alleges an officer, Deputy Ward, was present during the medical exam

conducted by Nurse McCullan and "verbally, sexauly [sic] assaulted" Plaintiff by "jacking his [own penis] and spanking his [own] ass." *Id.* at 4-5. As relief, Plaintiff seeks relief from the charges placed on his jail account for the wrong medicine and lab tests, compensatory and punitive damages, and for Defendants to be fired. *Id.* at 5.

Upon review, the Court finds Plaintiff's complaint does not satisfy the minimal federal pleading standards and is otherwise deficient. The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive dismissal, a complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

555 (2007) (alteration in original). A court must hold a *pro se* plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a *pro se* plaintiff or otherwise serve as his *de facto* counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

Plaintiff's complaint is deficient for at least two reasons. First, the Defendants he intends to sue are unclear. On the first page of the complaint form, Plaintiff identifies the Defendants as "[CCJ] Et.al [sic]," but in sections I ("The Parties"), II ("Basis for Jurisdiction"), and IV ("Statement of Claim"), he names and lodges allegations against only Deputy Ward and Nurse McCullan. *See* Compl. at 1, 2, 4. To the extent Plaintiff intended to name the CCJ as a Defendant, he is advised that a sheriff's office or jail is not a legal entity subject to suit in a civil rights action brought under § 1983. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of the sheriff's office because that entity did not have "the capacity to be sued").[1]

Second, Plaintiff fails to adequately set forth his claim against Nurse McCullan. To state a claim under § 1983, a plaintiff must allege that a person

---

[1] Unpublished decisions are not binding. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022). Any unpublished decisions cited in this Order are deemed persuasive on the relevant point of law.

acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. A claim that a prison medical provider was deliberately indifferent to an inmate's serious medical need is cognizable under § 1983 as an Eighth Amendment violation. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). However, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As such, a plaintiff must do more than allege the care provided was "subpar or different from what [he] want[ed]." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). "Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

If Plaintiff wants to proceed, he must file an amended complaint that complies with the standards discussed above, the instructions on the enclosed complaint form, and the instructions that follow.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for an alleged constitutional violation.

3.      The amended complaint must state the full name and address (i.e., work location) of each defendant (to the extent known) in the style of the case on the first page and in section I.B.

4.      The list of defendants named on the first page must match the list in section I.B.

5.      In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation. The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[2]

6.      In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured Plaintiff.

7.      In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.[3]

Plaintiff must sign and date the amended complaint after the following

statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by

---

[2]  Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[3]  The Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)). Additionally, Plaintiff is advised that district courts generally will not interfere with matters of jail administration, including employee discipline.

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise and must not refer back to his original complaint.

Accordingly, it is now

**ORDERED:**

1. The **Clerk** shall send Plaintiff a civil rights complaint form.

2. By **June 6, 2023**, Plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions

on the form and those provided in this order. **Plaintiff's failure to comply with this order may result in the dismissal of this case.**

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of May, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:    Trey U. Waldron

7